## Whitley County v. Wood, et al.

(Decided November 24, 1914.)

Appeal from Whitley Circuit Court.

1. Constitutional Law—Counties—Creation of New County—Liability of New for Indebtedness of Old.—Section 65 of the Constitution,

providing that territory stricken off of one county and added to another, or formed in whole or in part into a new county, shall be liable for its proportion of the indebtedness of the county from which it has been taken, is self-executing, and territory stricken from an old county is liable for its proportion of the debts of the county from which it was taken, although there is no legislation on the subject.

2.  Counties—How Liability of Territory Stricken from County Ascertained—Payment of.—Where there is no legislation on the subject, the old county may bring a suit in equity against the new county for the purpose of having determined the proportion of the indebtedness of the old county that should be paid by the territory stricken from it, and when the amount has been ascertained, the fiscal court of the new county may be compelled by mandamus to make a levy on the property in the territory cut off sufficient to pay the indebtedness.

S. S. LAWSON for appellant.

G. W. STEPHENS and STEPHENS & STEELY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The only question in this case that we need consider is the right of Whitley county to maintain an action against McCreary county to recover its proportion of the indebtedness of Whitley county at the time the county of McCreary was created by taking certain territory from the counties of Whitley, Wayne and Pulaski.

In 1912, the Legislature created the new county of McCreary, and in doing so cut off from the counties of Whitley, Wayne and Pulaski territory sufficient to form the new county. The legislative act did not undertake in any manner to provide what part, if any, of the indebtness of the old counties at the time of the creation of the new should be paid by the portion stricken off.

It is, however, provided in Section 65 of the Constitution that "there shall be no territory stricken from any county unless a majority of the voters living in such territory shall petition for such division. But the portion so stricken off and added to another county, or formed in whole or in part into a new county, shall be bound for its proportion of the indebtedness of the county from which it has been taken."

This provision of the Constitution is mandatory and, we think, self-executing, and the failure of the Legislature to make any provision for the payment of any part of the indebtedness of the old county did not deny the

old county the right to look for contribution to the territory stricken from it. Indeed, the Legislature would have been powerless, in view of this constitutional provision, to exempt the territory stricken off from the payment of its proportion of the indebtedness of the county from which it had been taken. And this being so, the silence of the Legislature on the subject does not affect the right of the old counties, or either of them, to contribution.

It will be observed that under the constitutional provision the county of McCreary, as a county, is not liable for any part of the indebtedness of Whitley county; only that part of McCreary county that was taken from Whitley county can be required to pay its proportion of the indebtedness of Whitley county. But in the case we have the record is not in condition to enable us to determine the relief, if any, to which Whitley county is entitled.

In view, however, of the public nature of the question, we think it proper to suggest that Whitley county may bring a suit in equity against McCreary county for the purpose of having determined the proportion of the indebtedness of Whitley county that should be paid by the territory stricken from that county and attached to the county of McCreary. Just how it should be paid, or how much tax should be levied, and for how many years, are questions that must be settled in the suit for the purpose of determining the rights of Whitley county. Then after it has been ascertained what amount the portion of the territory stricken from Whitley county should pay, and the time within which it should be paid, if the fiscal court of McCreary county should fail or refuse, on the demand of Whitley county, to make a levy on the property in the territory cut off sufficient to pay the indebtedness, the court may be compelled by mandamus to do so. As the present suit does not state facts that would authorize a recovery on the part of Whitley county for any sum, the judgment in this case will not be a bar to a proceeding to obtain relief as we have indicated.

Wherefore, the judgment is affirmed.